UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD NARCISSE, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-08-2724 |
| | § | |
| HARRIS COUNTY HOSPITAL DISTRICT, | § | |
| *Defendant.* | § | |

## OPINION ON SUMMARY JUDGMENT

This employment discrimination case is before the court on defendant Harris County Hospital District's motion for summary judgment (Dkt. 16). The motion will be granted.

### Background

Plaintiff Clifford Narcisse was hired by HCHD in 1976 as a draftsman in the engineering department.[1] He was terminated in July 2005[2] and rehired a month later as the engineering quality control coordinator. In July 2007, HCHD passed him over for a promotion to Director of Engineering and instead promoted a 47-year old white candidate, Bobby Stoy. In September 2008, Narcisse filed this federal lawsuit pursuant to Title VII and 42 U.S.C. § 1981 alleging that he was not promoted in July 2007 because he is an African-American.[3]

---

[1] Amended Complaint (Dkt. 4), ¶ 6. Defendant states he was originally hired as a "maintenance worker."

[2] His 2005 termination was the subject of a prior EEOC charge but is not the basis for his current claim.

[3] Narcisse's EEOC charge also alleges age discrimination (Dkt. 16, Exhibit A), as does his
(continued...)

**Legal Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

The standard for granting summary judgment in Title VII cases is by now too familiar to warrant extended recitation.[4] *Reeves v. Sanderson Plumbing Prods., Inc.*, succinctly summarizes the appropriate inquiry:

> Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

---

[3]  (...continued)
summary judgment response (Dkt. 18, at 3). However, Narcisse did not assert an ADEA claim in his amended original complaint (Dkt. 4), and no such claim is before this court.

[4]  Because Title VII and 42 U.S.C. § 1981 are parallel causes of action with the same elements, the court does not separately address Narcisse's § 1981 claim. *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Division*, 512 F.3d 157, 166 (5th Cir. 2007).

530 U.S. 133, 148-49 (2000).  The court must draw all reasonable inferences in favor of the non-movant, and disregard all evidence favorable to the moving party that the jury is not required to believe.  *Id.* at 150-51.  Trial courts should not treat discrimination differently than other ultimate questions of fact for purposes of Rule 50 or 56.  *Id.* at 148.

**Analysis**

It is undisputed that Narcisse, an African-American man, applied for the position of Director of Engineering in 2007 and was rejected by HCHD Vice President Ronald Johnson, who is also African-American.  According to HCHD, Johnson selected a 47-year old white male, Bobby Stoy, for the position based on his superior qualifications.

Stoy's qualifications for the position are not seriously disputed. At the time of his promotion Stoy had shown continuous improvement as an HCHD employee since 1988, working as a painter, carpenter, journeyman mechanic, and lead technician.  Stoy obtained numerous certificates of technical expertise, including refrigeration, carpentry, master indoor air quality, preventive maintenance, emergency management, and industrial carpentry.  He also had significant management experience, overseeing all engineering operations at the Thomas Street Clinic from 1994 to 2007.  Stoy was Acting Director of Engineering from March 2007 until his promotion.[5]

By contrast, Narcisse, despite his longer tenure, had made little effort to prepare himself for a management position by developing additional skills.  He has frequently been

---

[5]   Motion, Exhibit A, pp. 3-9.

passed over for promotion in the past. Moreover, Narcisse had been an outspoken critic of HCHD management, publicly opposing policies such as outsourcing of engineering department work, and writing letters to Harris County Commissioners and top management criticizing HCHD administration officials by name.[6] Narcisse himself believes that his public opposition to outsourcing the engineering department was the likely motivation behind his promotion denial.[7]

Of course, such a motivation, even if true, is not proscribed by Title VII. In filling a management position such as director of engineering, HCHD may properly consider a person's capacity to work with other HCHD administration officials to accomplish common goals. HCHD is within its prerogative to deny a department head position to an employee who has hurled brickbats at the very policies (and some of the personnel) he would be tasked to work with. Narcisse's history of vocal opposition to management and its policies lends support to the judgment of HCHD Vice President Johnson that "during his thirty-one (31) years of employment [Narcisse] has not attempted to prepare himself for a management position."[8] In any event, the relative merits of HCHD's policy on outsourcing the engineering department have nothing to do with race, and so consideration of Narcisse's role in that controversy raises no inference of race discrimination in his promotion denial.

---

[6] Motion, Exhibit C.

[7] Narcisse depo. at 97-99.

[8] Motion, Exhibit A, at 4.

Nor has Narcisse offered any other evidence of racial bias. Narcisse makes the conclusory statement that Stoy was less qualified than he,[9] but presents no evidence to back up this statement.[10] Title VII is not designed to second-guess the validity of an employer's good faith belief as to the relative competence of employees. *Deines v. Texas Dept. of Protective & Reg. Serv.*, 164 F.3d 277, 281 (5th Cir. 1999). Narcisse has presented no evidence that Johnson did not have a good faith belief that Stoy was more qualified.

In his brief Narcisse points to several prior instances when he was passed over for promotions, and also mentions a "reclassification" that resulted in a reduction in his pay.[11] Again, however, nothing is offered to support an inference that these decisions were tied to race. Narcisse presents no evidence that he was qualified for any of the referenced

---

[9] In his EEOC charge Narcisse relied on the fact that Stoy had a shorter tenure with HCHD, but that fact is not mentioned in the summary judgment response, which states only that Stoy was a "journeyman Carpenter." Response, ¶ 22.

[10] There is actually no evidence submitted with Narcisse's response to the motion for summary judgment (Dkt. 18). The response cites an unattached Exhibit A, the EEOC charge, which is an exhibit to HCHD's motion and thus is part of the record. The response also cites an unattached Exhibit B, purportedly an email from Allan Manis to Johnson. Exhibit B is not part of the record. Nonetheless, that text of the email reprinted in the body of Narcisse's response (¶ 20) appears to refer to the hiring of another individual for another position. Finally, an unattached Exhibit C purports to relate to his reduction in pay due to a "reclassification." Nothing in the response supports an inference that this reclassification was based on his race. Indeed, Narcisse's own cryptic explanation of Exhibit C supports the conclusion that the reclassification was necessary to change Narcisse's status back to "Engineer Supervisor" after an interim assignment as "acting" manager ended. *See* response, ¶ 22.

[11] The summary judgment response does not state when this reclassification allegedly occurred, although in reply HCHD presents evidence of a pay reduction in 2003 that occurred when Narcisse's interim position as a manager ended. Reply, Exhibit A.

promotions, that the candidate who was promoted was less qualified, or that the reclassification resulting in a reduction in his pay was based on anything other than legitimate non-discriminatory reasons.

In sum, Narcisse's case is based solely on his subjective belief that he was not promoted because of his race. This is insufficient to meet his summary judgment burden. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999). Narcisse has simply failed to create a jury issue whether HCHD's stated reason for not promoting him in July 2007 was but a pretext for unlawful race discrimination.

**Conclusion**

For the reasons discussed above, HCHD's motion for summary judgment (Dkt. 16) is granted. The court will issue a separate final judgment.

Signed at Houston, Texas on November 30, 2009.

_____
Stephen Wm Smith
United States Magistrate Judge